**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-40821
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAMON RODRIGUEZ-DISLA,

Defendant - Appellant.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. C-01-CR-74-1

January 7, 2003

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Ramon Rodriguez-Disla appeals his conviction for possession with intent to distribute

cocaine. He contends that the district court improperly admitted the testimony of automobile

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mechanic Jack Daniels and Drug Enforcement Administration Agent Timothy Thrash.[1]

Rodriguez-Disla was arrested by border patrol agents after the pickup truck he was driving was found to contain cocaine in a compartment built into the oil pan. At trial, Rodriguez-Disla disclaimed any knowledge of the compartment and the drugs hidden therein. The district court permitted Daniels, a mechanic who performed maintenance on the truck prior to its purchase by Rodriguez-Disla, to testify as a lay opinion witness under Federal Rule of Evidence 701. In response to defense counsel's objections, the district court ultimately instructed the jury to disregard most of Daniels' testimony regarding the modifications to the oil pan and their effect on the operation of the truck, but allowed as "common knowledge" Daniels' testimony that the presence of the compartment would result in the pan holding less oil than before and that the reduced amount of oil would cause the engine to run at a higher than normal temperature. On appeal, Rodriguez-Disla contends that this constituted the improper admission of expert testimony under Rule 701.

Because Rodriguez-Disla did not make a contemporaneous objection to the sufficiency of the district court's curative instruction or move for a new trial on that ground, we review for plain error. *United States v. Morrow*, 177 F.3d 272, 295 (5th Cir. 1999). Under Rule 701, "'a lay opinion must be based on personal perception, must be one that a normal person would form from those perceptions, and must be helpful to the jury.'" *Mississippi Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 373 (5th Cir. 2002) (quoting *United States v. Riddle*, 103 F.3d 423, 428 (5th Cir. 1997)). As amended effective December 1, 2000, Rule 701 specifically prohibits the admission of lay

---

[1] Rodriguez-Disla also contends that 21 U.S.C. § 841(a) and (b) are facially unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), although he concedes that this argument is foreclosed by our decision in *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000), and seeks only to preserve it for further review.

testimony "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The purpose of this amendment was "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." FED. R. EVID. 701 advisory committee's note to 2000 amendments; *see also United States v. Garcia*, 291 F.3d 127, 139 n.8 (2d Cir. 2002) ("[T]he amendment serves more to prohibit the inappropriate admission of expert opinion under Rule 701 than to change the substantive requirements of the admissibility of lay opinion."). The district court acted in accordance with Rule 701 by instructing the jury to consider only Daniels' testimony that less space in the oil pan would result in less oil for the engine, which would cause the engine to run at a higher temperature. Rodriguez-Disla has not demonstrated that these were not opinions that "a normal person would form from [the same] perceptions." *Mississippi Chem. Corp.*, 287 F.3d at 373.

Rodriguez-Disla also contends that the district court improperly admitted Agent Trash's statement that he had yet to be involved in an case where a drug courier did not know that he was carrying drugs. Rodriguez-Disla concedes that, because he did not object to this testimony in the district court, plain error review applies. *Morrow*, 177 F.3d at 295. He nevertheless argues that we must reverse his conviction because Agent Thrash's statement was expert testimony regarding the mental state of a defendant given in violation of Federal Rules of Evidence 702 and 704(b). This statement, however, was made in response to a question from defense counsel as to whether the ideal courier would be someone who did not know they were carrying drugs. "[W]hen injection of inadmissible evidence is attributable to the actions of the defense, the defense cannot later object to such invited error." *United States v. Green*, 272 F.3d 748, 754 (5th Cir. 2001) (quoting *United States v. Raymer*, 876 F.2d 383, 388 (5th Cir. 1989) (internal quotation marks omitted)).

For the foregoing reasons, the final judgment of conviction and sentence is AFFIRMED.